OPINION
{¶ 1} Parent-appellants Loretta Spangler ("Loretta") and Norris Spangler ("Norris") bring this appeal from the judgment of the Court of Common Pleas of Hardin County, Juvenile Division, terminating their parental rights.
 {¶ 2} On June 16, 2004, Cody Spangler ("Cody") was born to Loretta and Norris. The Hardin County Department of Job and Family Services ("the Agency") filed a complaint alleging that Cody was a dependent child due to his siblings having been adjudicated dependent and a pending hearing for permanent custody. An emergency hearing was held and the Agency was granted temporary custody of Cody. On August 20, August 27, and September 3, 2004, an adjudication hearing was held.[1] The trial court ruled from the bench that Cody is a dependent child.
 {¶ 3} Prior to the adjudication hearing, the Agency filed a case plan with a stated goal of permanent custody. The dispositional hearing was held on September 13 and September 15, 2004. At the hearing, the Agency asked for permanent custody of Cody. On September 23, 2004, the finding of dependency was journalized. The trial court granted permanent custody of Cody to the Agency by journal entry on September 27, 2004. Loretta appeals from this judgment and raises the following assignments of error.
The case plan requiring [Loretta] to maintain a separate residence andlife from [Norris] violates [Loretta's] fundamental right to marry.
 The trial court erred when it conducted the permanent custody hearingfor [Cody] prior to journalizing the entry finding that [Cody] wasadjudicated.
 {¶ 4} The first assignment of error claims that the requirement in the case plan that Loretta and Norris be separated violates Loretta's fundamental right to marry. This issue was addressed in the appeals regarding Cody's siblings, In re Aaron Spangler, In re ChristopherAsbury, 3rd Dist. Nos. 6-04-13, 6-04-14, 2005-Ohio-___. This court held that the requirement of the case plan did interfere with Loretta's fundamental right to marry. However, the review is one of plain error which requires the error to be prejudicial. Id at ¶ 6.
In determining at a hearing * * * whether a child cannot be placed witheither parent within a reasonable period of time or should not be placedwith the parents, the court shall consider all relevant evidence. If thecourt determines, by clear and convincing evidence, at a hearing * * *that one or more of the following exist as to each of the child'sparents, the court shall enter a finding that the child cannot be placedwith either parent within a reasonable time or should not be placed witheither parent:
* * *
(11) The parent has had parental rights involuntarily terminated * * *with respect to a sibling of the child.
R.C. 2151.414(E).
 {¶ 5} In this case, Loretta had her parental rights to Cody's siblings, Christopher Asbury and Aaron Spangler, terminated on September 3, 2004. Thus, the trial court was required to enter a finding that Cody could not be placed with Loretta within a reasonable period of time. Since the trial court need find one factor to enter a finding that the children should not be placed with the parent within a reasonable period of time, any error of the requirement that Spangler have no contact with Norris is harmless. Loretta's first assignment of error is overruled.
 {¶ 6} Loretta's second assignment of error alleges that the trial court erred by holding the dispositional hearing prior to the journalization of the judgment in the adjudication hearing.
Where a child has been adjudicated as an abused, neglected, ordependent child, the court shall not issue a dispositional order untilafter it holds a separate dispositional hearing. The dispositionalhearing for an adjudicated abused, neglected, or dependent child shall beheld at least one day but not more than thirty days after theadjudicatory hearing is held. The dispositional hearing may be heldimmediately after the adjudicatory hearing if all parties were servedprior to the adjudicatory hearing with all documents required for thedispositional hearing and all parties consent to the dispositionalhearing being held immediately after the adjudicatory hearing.
Juv.R. 34. Since it is permissible to hold the disposition hearing immediately following the adjudicatory hearing with the consent of the parties or within 24 hours of the adjudicatory hearing without the consent of the parties, there is no requirement that the judgment made at the adjudicatory hearing be journalized prior to the holding of the dispositional hearing. In this case, the trial court held the dispositional hearing 10 days after the adjudicatory hearing in which the trial court announced the judgment of dependency. This timeframe is within that required by the Juvenile Rules. Thus, Loretta's second assignment of error is overruled.
 {¶ 7} Norris also appeals the judgment and raises the following assignment of error.
The trial court committed an error of law by terminating [Norris']parental rights and placing the child in the permanent custody of [theAgency].
 {¶ 8} Norris' assignment of error alleges that the trial court had no reason for terminating his parental rights.
In determining at a hearing * * * whether a child cannot be placed witheither parent within a reasonable period of time or should not be placedwith the parents, the court shall consider all relevant evidence. If thecourt determines, by clear and convincing evidence, at a hearing * * *that one or more of the following exist as to each of the child'sparents, the court shall enter a finding that the child cannot be placedwith either parent within a reasonable time or should not be placed witheither parent:
* * *
(2) Chronic mental illness, chronic emotional illness, mentalretardation, physical disability, or chemical dependency of the parentthat is so severe that it makes the parent unable to provide an adequatepermanent home for the child at the present time and, as anticipated,within one year after the court holds the hearing * * *.
* * *
(16) Any other factor the court considers relevant.
R.C. 2151.414(E).
 {¶ 9} Here, the trial court made the following findings concerning Norris.
Father has previously been convicted of misdemeanor domestic violencein the Hardin County Municipal Court on May 5, 1995, and subsequently wasconvicted of felony domestic violence in the Hardin County Court ofCommon Pleas on December 8, 2000. The victim in the felony domesticviolence was a three (3) year old child who was residing in the home ofFather at the time of the offense. * * * Father has had numerous otherconvictions including theft, assault, disorderly conduct, and possessiondrug paraphernalia. (See exhibits "F" and "2")
 Mother knew Father drank to excess and that, when he drank he yelled ather young children, and whipped them frequently with his hand andsometimes a belt. (See case progress notes of family coach — 08/-1/03exhibit "H.") Mother was informed by an agency investigator on 09/09/03that Father was going to be investigated because Mother's oldest twochildren made sexual abuse allegations against him. (See case progressnotes of family coach — 09/09/03 exhibit "H.")
* * *
Norris Spangler is mildly mentally retarded (an unchangeable condition)with "strong propensities toward a number of personality disordersincluding antisocial personality disorder (a history of delinquency,criminal behavior, violence, anger, and impulsiveness), as well as thattypically associated with passive-aggressive disorder (negativisticpersonality disorder)." "This combination of retardation, and anantisocial bent, both lead toward a highly guarded prognosis forsignificant change." (He is not amenable to change through counseling ormedication.) Further, "Norris has shown a convincing history ofinstability and inconsistent willingness toward addressing the needs ofothers, including various partners, and children." (See Dr. Tennenbaum'sreport exhibit "A.")
 It would be "incredibly unlikely" that either parent could adequatelyparent a child and provide a permanent home for the child at present orwithin one year without ongoing assistance of others. (Testimony of Dr.Tennenbaum.)
September 27, 2004 Judgment Entry, 2-4. Based upon these findings, the trial court concluded that Norris suffers "from chronic emotional illness and mental retardation so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time or within one year." Id. at 6. The trial court also concluded that "[t]here is clear and convincing evidence that Father has been convicted of numerous crimes * * *, convictions the Court considers highly relevant." Id. The trial court then found that the factors set forth in R.C.2151.414(E)(2) (16) were met for the father. Having made at least one of the findings, the trial court was required to enter a finding that Cody could not be placed with Norris. These findings and conclusions of law are supported by the evidence in the record. Thus, the assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Hardin County, Juvenile Division, is affirmed.
Judgment Affirmed.
 Rogers, J. concurs.
 Shaw, J. concurs in Judgment Only.
[1] At the same time, a hearing was held on the motion for permanent custody of Cody's siblings, Christopher Asbury and Aaron Spangler. The motion for permanent custody of the boys to the Agency was granted on September 3, 2004.